IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASS'N; | ) | |
| VIDEO SOFTWARE DEALERS ASS'N; and | ) | |
| ILLINOIS RETAIL MERCHANTS ASS'N, | ) | |
| | ) | |
| vs. | ) | Case No. 05 C 4265 |
| | ) | |
| ROD BLAGOJEVICH, in his official capacity | ) | |
| as Governor of the State of Illinois; LISA | ) | |
| MADIGAN, in her official capacity as Attorney | ) | |
| General of the State of Illinois; and RICHARD | ) | |
| DEVINE, in his official capacity as State's | ) | |
| Attorney of Cook County, Illinois, | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case, several trade associations, sued Illinois Governor Rod Blagojevich, Illinois Attorney General Lisa Madigan, and Cook County State's Attorney Richard Devine under 42 U.S.C. § 1983, seeking to enjoin the enforcement of Illinois' Violent Video Games Law (VVGL) and Sexually Explicit Video Games Law (SEVGL) on the ground that the statutes violated the First Amendment to the United States Constitution. The VVGL established criminal penalties for selling or renting to minors video games depicting or simulating violence, allowing such games to be purchased using a self-checkout electronic scanner, and failing to label the games in a specified way. The SEVGL established criminal penalties for the same types of conduct with respect to video games that were sexually explicit as the statute defined that term.

After conducting a trial, the Court held both the VVGL and SEVGL unconstitutional and enjoined their enforcement. *Entertainment Software Ass'n v. Blagojevich,* 404 F. Supp. 2d 1051

(N.D. Ill. 2005). The defendants did not appeal the Court's judgment with regard to to the VVGL. They did, however, appeal the judgment regarding the SEVGL. The Seventh Circuit recently affirmed this Court's decision, holding that the SEVGL was not narrowly tailored and violated the First Amendment. *Entertainment Software Ass'n v. Blagojevich,* ___ F.3d ___, 2006 WL 3392078 (7th Cir. Nov. 27, 2006).

In the interim, the Court considered the plaintiffs' petition for attorney's fees and costs under 42 U.S.C. § 1988. On August 9, 2006, the Court granted the plaintiffs' petition, awarding $510,258.64, about $134,000 less than the plaintiffs sought. *Entertainment Software Ass'n v. Blagojevich,* No. 05 C 4265, slip op. (N.D. Ill. Aug. 9, 2006). The Court relieved the Cook County State's Attorney from any responsibility for the fee award, allocating to the State of Illinois responsibility for the full amount of the award. *Id.* at 27.

The Governor and the Attorney General (to whom we will refer as "the Illinois defendants") did not appeal the award of fees, but they took no steps to pay the award, despite repeated requests by the plaintiffs' counsel. Believing the Illinois defendants were ignoring the Court's judgment, the plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 70, seeking an order directing the State of Illinois, via the Comptroller, to pay the award, including accrued interest at the statutory rate. At the initial hearing on the motion, counsel for the Governor provided no information regarding whether, when, or how the fee award would be paid, saying that she "need[ed] some time to identify a funding source," but nonetheless objected to accrual of interest on the award. Nov. 15, 2006 Tr. at 2-3.

The Court gave the Illinois defendants the opportunity to respond to the plaintiffs' motion in writing. In their written response, the Illinois defendants state, contrary to the position

the Governor's counsel took in open court, that they "are not challenging Plaintiffs' right to post-judgment interest at 5.09% on the fee award," the rate sought by the plaintiffs. Def. Resp. ¶ 3. But they object to an order of payment, contending that they "have not refused to comply with this Court's August 9 award of attorney's fees and costs." *Id.* ¶ 6. The Illinois defendants do not, however, provide any indication of when or how the fee award will be paid, nor have they identified any process by which the plaintiffs may obtain payment, other than an oblique reference to the possibility of filing a claim for payment in the Illinois Court of Claims. *Id.* ¶ 8. The bottom line is that four months after the Court awarded attorney's fees to the plaintiffs, the Illinois defendants have not paid the award and have taken no steps toward payment.

Rule 70 provides that "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party." Fed. R. Civ. P. 70. The Court's fee judgment did not "direct[ ] . . . a party to ... perform [a] specific act"; rather the Court granted the plaintiffs' fee petition and awarded them attorney's fees against the State of Illinois under 42 U.S.C. § 1988.

However, "federal courts are not reduced to issuing [judgments] against state officers and hoping for compliance." *Gates v. Collier,* 616 F.2d 1268, 1271 (5th Cir. 1980). When a State refuses to pay a judgment imposed by a federal court via the normal processes provided by state law, it is appropriate for the federal court to enter an order directing payment under Rule 70 – the relief sought by the plaintiffs in this case – or, in appropriate circumstances, a writ of execution under Federal Rule of Civil Procedure 69(a). *See, e.g., Spain v. Mountanos,* 690 F.2d 742, 745

(9th Cir. 1982); *Gary W. v. State of Louisiana,* 622 F.2d 804, 805 (5th Cir. 1980); *Preston v. Thompson,* 565 F. Supp. 294, 304 (N.D. Ill. 1983) (collecting authorities); *La Raza Unida v. Volpe,* 545 F. Supp. 36, 39 (N.D. Cal. 1982). *See also, e.g., Arnold v. Blast Intermediate Unit 117,* 843 F.2d 122 (3d Cir. 1988).

The plaintiffs argue that the Illinois defendants have, in effect, refused to pay the judgment for attorney's fees and costs, making it appropriate to enter an order compelling payment. Non-payment does not necessarily amount to refusal to pay. It is only fair to say, however, that the Illinois defendants have thus far acted in a dilatory fashion. They have answered the plaintiffs' entreaties with what amounts to shoulder-shrugging and finger-pointing. Specifically, they have made no real suggestion about what the plaintiffs need to do to collect what they are entitled to, largely leaving that up to one's imagination, and they have effectively shuffled the plaintiffs' counsel from one state agency to the other. *See* Pl. Mot., Exs. 1-10. Even now, the Illinois defendants provide no clue about when the plaintiffs might hope to see payment of the fee award.

In *Preston,* the court dealt with a motion seeking an order under Rule 70 directing the State of Illinois to pay an award of interest on an attorney's fee award. The plaintiffs objected to delays that they had faced and would face absent an order from the court. The court, however, declined – at least for the moment – to enter an order directing payment. The court stated, and this Court agrees, that "a federal court should not lightly interfere with the orderly processes of state government where no wrongdoing or conduct amounting to a refusal to comply with a valid federal court order has occurred." *Preston,* 565 F. Supp. at 306. Because the state had not refused to pay the award or manifested reluctance to pay it, entry of an order under Rule 70 was

4

inappropriate. *Id.* at 305-06.

In contrast to the state's actions in *Preston,* the actions of the Illinois defendants in the present case suggest that they intend to give the plaintiffs the run-around. For the moment, however, the Court is willing to give the Illinois defendants an opportunity to show that they intend to comply with the Court's judgment. Following the course of the court in *Preston,* the Court directs the Illinois defendants, by no later than December 18, 2006, to advise the Court in writing, with specificity,[1] how and when the fee award, plus interest at the federally imposed rate to accrue through the date of payment, will be paid to the plaintiffs.

### Conclusion

On or before December 18, 2006, the Governor and Attorney General are directed to advise the Court in writing, with specificity, how and when the attorney's fee award, plus interest, will be paid to the plaintiffs. The case is set for a status hearing on December 20, 2006 at 9:30 a.m. Plaintiffs' motion is entered and continued to that date.


MATTHEW F. KENNELLY
United States District Judge

Date: December 11, 2006

---

[1] The Court cautions the Illinois defendants that the phrase "with specificity" means what it says. The time for waffling has passed.